JEFF DOMINIC PRICE
Attorney at Law  SBN 165534
1335 4th Street
Santa Monica, California 90401
Tel 310.776.8650
Fax 310.728.1705

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL S. BROWN, | No. 2:10-CV-7632-JSL-AGR |
| Petitioner, | AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |
| vs. | |
| SUPERIOR COURT, COUNTY OF LOS ANGELES, | |
| Respondent. | |

TO:   THIS HONORABLE COURT, AND TO THE RESPONDENT AND ITS ATTORNEYS OF RECORD:

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to avoid being deprived of the right not to be placed twice in jeopardy, conferred on him by the Fifth Amendment to the Constitution of the United States of America.

DATED: This  19th  day of October, 2010,

_____/s/_____
Jeff Dominic Price
Attorney for Petitioner Carl S. Brown

# TABLE OF CONTENTS

Table of Authorities ........................................................................... 2

Introduction ........................................................................................ 6

I.   **Petition for Writ of Habeas Corpus** ........................................ 6

    1.   Venue ................................................................................ 6

    2.   Convictions on which the petition is based ...................... 6

    3.   Appeal of convictions ....................................................... 7

    4.   Nature of Appeals ............................................................. 7

    5.   Not Applicable .................................................................. 8

    6.   Postconviction Petitions and History ............................... 8

    7.   Nature of Postconviction Petitions and History .............. 8

    8.   Evidentiary Hearing ......................................................... 9

    9.   Not Applicable .................................................................. 9

II.   **Memorandum of Points and Authorities** ............................... 10

    1.   Factual Background .......................................................... 11

    2.   Petitioner is in Jeopardy of Facing Jeopardy in a Third Trial
        in Violation of the Double Jeopardy Clause of the Constitution
        of the United States Because of the Bad Faith of
        the Prosecution in the Second Trial in 2008 ................... 20

        A.   After Obtaining the Conviction of Petitioner with False
            Evidence in the First Trial in 2003 the Los Angeles
            County District Attorney Obtained a Conviction Using
            the Same False Evidence in the Second Trial in 2008
            Despite the Issuance of a Writ of Habeas Corpus by this
            Court in *Brown v. Prosper,* No. 07-CV-190-JSL-AGR ...... 20

(1)    The Prosecution Knowingly and in Bad Faith Obtained a Conviction with the Same False Evidence in the Second Trial in 2008 ...................... 21

(2)    The Prosecution in Bad Faith Prevented the Impeachment of Rojas by Obstructing the Cross Examination of Deputy District Attorney Katherine Phillips ...................................... 27

B.    If Petitioner is Subjected to a Third Trial the Double Jeopardy Clause of the United States Constitution Will be Violated ................................................... 29

3.    The Bad Faith of the Prosecution is So Egregious Because there Exists an Inherent Conflict of Interest Between the District Attorney and Rojas, the Witness who Testified Falsely in the Two Prior Trials in 2003 and 2008, who is Being Protected by the District Attorney .................................. 29

4.    Abstention is Inappropriate Because Petitioner has Exhausted all State Remedies ........................................ 34

DECLARATION IN SUPPORT OF PETITION ............................... 35

CONCLUSION ................................................ 36

VERIFICATION ................................................ 37

TABLE OF AUTHORITIES

**Cases**

*Page*

*Benton v. Maryland,*
  395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)  .................................  20

*Brown v. Ohio,*
  432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)  ...............................  17

*Brady v. Maryland,*
  373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).....................................  32

*Giglio v. United States,*
  405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)  ...................................  22

*Green v. United States,*
  355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) ..............................  20, 21

*Hutto v. Finney,*
  437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)  ...............................  23

*Mooney v. Holohan,*
  294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935)  ..........................  10, 18, 21

*Morris v. Pennsylvania,*
  2009 WL 2710236 (E.D.Pa. 2009)  .............................................  10

*Oregon v. Kennedy,*
  456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)................................  21

*Stow v. Murashige,*
  389 F.3d 880 (9th Cir. 2004)...........................................................  10

*People v. Vasquez,*
  39 Cal.4[th] 47, 45 Cal.Rptr.3d 372, 137 P.3d 199 (2006) ..............................  33

*Primus Automotive Financial Services, Inc. v. Batarse,*
  115 F.3d 644 (9th Cir. 1997)  .......................................................  23

*Tibbs v. Florida,*

457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)   ................................... 21

*United States v. Dinitz,*

424 U.S. 600, 96 S. Ct. 1075, 47 L.Ed.2d 267 (1982)   ................................. 21

*United States v. DiFrancesco*

449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)   ................................. 20

*United States v. Jorn,*

400 U.S. 470, 91 S.Ct. 547 (1971)   ................................................................ 21

*United States v. Zuno-Arce,*

339 F.3d 886 (9th Cir. 2003), *cert. denied,* 540 U.S. 1208 (2004)   ............... 21

**Statutes**

28 U.S.C. § 2241   ....................................................................................... 1, 10

**Other Authorities**

CALCRIM No. 2640   ...................................................................................... 31

# PETITION FOR WRIT OF HABEAS CORPUS

This petition concerns a forthcoming trial and the double jeopardy clause.

1. <u>Venue</u>

    (a) <u>Place of custody</u>. Petitioner is on own recognizance release from the respondent Superior Court, County of Los Angeles, Southeast Judicial District, Department J, Case No. VA071021.

    (b) <u>Place of conviction</u>. Petitioner has been twice convicted in this case in the above referenced court, Department W; both convictions were reversed. The first conviction was reversed by this court in *Brown v. Prosper,* No. 07-CV-190-JSL-AGR. The second conviction was reversed by the California Court of Appeal, Case No. B211202

    (c) <u>Place sentenced</u>. Petitioner was sentenced twice before in the Superior Court of the State of California for the County of Los Angeles, Southeast District, Department W; both judgments were reversed.

2. <u>Conviction on which the petition is based</u>.

    (a) <u>Nature of the offenses involved (include all counts)</u>: **Trial 1**: Count 1 – second degree robbery of Ricardo Rojas ("Rojas") (Pen. Code, § 211), and Count 2 – petty theft of property of Walmart with three theft-related priors (Pen. Code, §§ 666, 484, subd. (a); **Trial 2**:

    (b) <u>Penal or other code section or sections</u>: **Trial 1**: Penal Code § 211; Penal Code §§ 666 and 667; **Trial 2**: Penal Code §§ 211, 459, 484, 666 and 667.

    (c) <u>Case number</u>: VA071021.

(d)    <u>Date of conviction</u>: **Trial 1**: January 15, 2003; **Trial 2**: August 6, 2008.

(e)    <u>Date of sentence</u>: **Trial 1**: April 2, 2003; **Trial 2**: August 15, 2008.

(f)    <u>Length of sentence on each count</u>: **Trial 1**: 15 years state prison; **Trial 2**: 11 years state prison.

(g)    <u>Plea</u>: Not guilty.

(h)    <u>Kind of trial</u>: Jury.

(i)    <u>Did you testify at the trial?</u>: **Trial 1**: No; **Trial 2**: Yes.

3.    <u>Did you appeal from the conviction or sentence</u>: Yes.

4.    <u>If you did appeal, give the following information for each appeal</u>:

(a)   (1)    <u>Name of court</u>: Court of Appeal, Second District.

      (2)    <u>Result</u>: **Trial 1**: Affirmed; **Trial 2**: Reversed.

      (3)    <u>Date of result</u>: **Trial 1**: June 25, 2004; **Trial 2**: January 25, 2010.

      (4)    <u>Citation or number of opinion</u>: **Trial 1**: Unpublished, Case No. B166415; **Trial 2**: Unpublished, Case No. B211202.

      (5)    <u>Grounds raised</u>: **Trial 1**: Bad Faith Destruction of Evidence; Instructional Error on Late Disclosure of Evidence; **Trial 2**: Prosecutorial Misconduct; Collateral Estoppel of Federal Writ of Habeas Corpus; Statute of Limitations; Instructional Error – Self Defense.

(b)   (1)    <u>Name of court</u>: California Supreme Court.

      (2)    <u>Result</u>: **Trial 1**: Review denied; **Trial 2**: N/A.

      (3)    <u>Date of result</u>: September 15, 2004.

(4)   Citation or number of opinion: **Trial 1**: Unpublished, Case No. S126808.

(5)   Grounds raised: Bad Faith Destruction of Evidence; Instructional Error on Late Disclosure of Evidence.

5.   If you did not appeal: Not applicable.

6.   Other than a direct appeal, have you filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes.

7.   If your answer to 6 was "Yes", give the following information:

(a)   (1)   Name of court: Court of Appeal, Second Appellate District.

(2)   Nature of proceeding: Petition for Writ of Habeas Corpus.

(3)   Grounds raised: (1) Use of False Evidence by Prosecution; (2) Prosecutorial Misconduct; (3) Ineffective Assistance of Appellate Counsel.

(4)   Result: Denied.

(5)   Date of result: December 9, 2005.

(6)   Citation or number of any written opinions or orders entered pursuant to each such disposition: Case No. B186966.

(b)   (1)   Name of court: California Supreme Court.

(2)   Nature of proceeding: Petition for Writ of Habeas Corpus.

(3)   Grounds raised: (1) Use of False Evidence by Prosecution; (2) Prosecutorial Misconduct; (3) Ineffective Assistance of Appellate Counsel.

(4)    <u>Result</u>: Denied.

(5)    <u>Date of result</u>: November 29, 2006.

(6)    <u>Citation or number of any written opinions or orders entered pursuant to each such disposition</u>: Unpublished opinion, Case No. S140672.

8.    <u>Was an evidentiary hearing held</u>? No.

9.    <u>If your answer to 6 was "No", explain briefly why you did not seek post-conviction relief in the state courts</u>. Not applicable.

## <u>Memorandum of Points and Authorities</u>

This is a petition for a writ of habeas corpus filed prior to a retrial pursuant to 28 U.S.C. § 2241. *See Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004); *Morris v. Pennsylvania,* 2009 WL 2710236 (E.D.Pa. 2009) (Stating that a double jeopardy claim constitutes one of the few rare exceptions to normal abstention principles that bar pre-trial habeas review, and, as such, federal court intervention in an ongoing state court criminal proceeding may be warranted).

Petitioner is to appear in the Superior Court, State of California, County of Los Angeles, Southeast Judicial District, Department J, on October 13, 2010, for trial setting as 0 of 30 days. The trial court has stated that no additional continuances will be granted. Thus, the case will be set for jury trial to commence on or about November 9, 2010.

The Court should issue a writ of habeas corpus to protect the petitioner from being subjected to a third trial in violation of the double jeopardy clause of the Constitution of the United States of America.

The petitioner has been deprived of the protections of the double jeopardy clause of the Constitution of the United States of America because the prosecution has *twice* used false evidence to convict the defendant of a crime – in the second trial using *the same false evidence* that this Court, in granting a writ of habeas corpus under *Napue* and *Mooney,* in *Brown v. Prosper,* No. 07-CV-190-JSL-AGR, found the prosecution had used in the first trial.

For the reasons set forth here and appearing in the record, Petitioner submits that the use by the prosecution in the second trial of **the same false evidence** that this Court found was false in issuing a writ of habeas corpus under 28 U.S.C. § 2254, constituted bad faith and deprived petitioner of a fair trial in the second trial, and necessitates a determination that double jeopardy bars a third trial.

Petitioner has exhausted all remedies in the state courts.

## 1.     Factual Background

1.     An Information filed on June 6, 2002, charged defendant with committing the following felony offenses on May 11, 2002: Count 1 – second degree robbery of Ricardo Rojas ("Rojas") (Pen. Code, § 211), and Count 2 – petty theft of property of Walmart with three theft-related priors (Pen. Code, §§ 666, 484, subd. (a). The information further alleged, as to Counts 1 and 2, violations of Penal Code section[1] 667, subdivision (a)(1) (two alleged prior serious felony convictions, as to Count 1); sections 667, subdivisions (b)-(i), and 1170.12, subdivisions (a)-(d) (two alleged prior strikes as to Counts 1-2); and sections 667, subdivision (b) (four alleged prior prison terms as to Counts 1-2).

2.     A Second Amended Information filed in July 2002 retained Counts 1 and 2 and other previous allegations, added a fourth alleged theft-related prior as to Count 2, and added a third alleged prior serious felony conviction as to Count 1, and a third alleged prior strike and a fifth alleged prior prison term as to Counts 1 and 2.

3.     On January 13, 2003, the day that the jury was impaneled, the prosecution produced a photograph. *Unpublished Decision, People of the State of California v. Carl Stanley Brown,* Case No. B211202, January 25, 2010 [*Brown* II] 4. A true and correct copy of the unpublished opinion of the California Court of Appeal is attached hereto, marked **Exhibit A**.

4.     In a telephone conversation with Deputy District Attorney Phillips, Rojas had stated that he thought he had photographs of the recovered merchandise. *Id.*

5.     This was the first that the prosecution had heard of the photographs. *Id.*

---

[1]     All further code section references are to the Penal Code unless expressly stated otherwise.

6.      The defendant objected. *Id.*

7.      The next day, January 14, 2003, a discussion occurred between the court, the prosecutor, Kathryn Phillips, and the defendant, Mr. Brown; during this discussion Ms. Phillips stated:

> PROSECUTOR [Katherine Phillips]: I indicated to the Court yesterday that I had information that there might be photographs of the recovered goods. As the Court can see, Mr. Rojas is present today. That's the People's witness, the loss prevention officer. And we do in fact have two photographs which I'm showing to Mr. Brown. ¶ Now, I realize the People have some explaining to do, and here goes. Your Honor, we had a discovery hearing in this matter. In fact I have in my file a letter I wrote to Detective Schmid, who is the investigating officer in this case. ¶ And Detective Schmid in fact came in at some point in time while this case was in Department M and assured me that we had all the discovery, which was turned over to Mr. Brown. ¶ I found out this morning what happened. ***Mr. Rojas tells me that he told Deputy Zimmerman, who was the arresting deputy, that he had taken a couple of pictures, and asked Deputy Zimmerman if he wanted a copy. Deputy Zimmerman inexplicably said, "No, we don't need to fool with that," which is the reason the People didn't turn them over to Mr. Brown earlier.*** We didn't have them either. The police - or the Sheriffs Department didn't have them. ¶ Your Honor, I do realize this is late discovery, but I don't think it's any unfair surprise. Mr. Brown knows what's in his backpack, what was in his backpack, or what was alleged to be in his backpack. He has the police report with the items listed. [Reporter's Transcript on Appeal,

*People v. Brown,* B166415, 33-34 ["RT First Trial"]; emphasis supplied]

8.      After hearing the objections of the defendant to the photograph, the trial court overruled the objection to the photographs. *Brown II* 4.

9.      Contradicting the statement made by Deputy District Attorney Phillips, Deputy Zimmerman testified during the first trial that Rojas did not offer him any photographs. RT First Trial 132.

10.     Rojas testified that he took the photograph on May 11, 2002, the day of the incident in which Mr. Brown was arrested. *Brown II* 4.

11.     Rojas also testified that on May 11, 2002, he followed the defendant, Mr. Brown, outside the store, that he approached the defendant, identified himself as "store security," and that, after a struggle, he subsequently took the backpack Mr. Brown was carrying, opened it, and took a photograph of the items inside it. RT First Trial at 65:

> Q      DID YOU TAKE A PHOTOGRAPH OF THOSE ITEMS?
>
> A      YES, I DID.
>
> Q      DO YOU HAVE THAT WITH YOU TODAY?
>
> A      YES, I DO.
>
> * * *
>
> PROSECUTOR:   YOUR HONOR, I HAVE HERE A SINGLE PHOTOGRAPH OF A NUMBER OF ITEMS OF MERCHANDISE LAID OUT ON WHAT APPEARS TO BE A BENCH. YOU CAN SEE ITEMS OF MEN'S CLOTHING AND A BLACK AND DECKER DRILL.
>
> [The photograph was marked as People's 1.]
>
> Q      MR. ROJAS, I'M NOW SHOWING YOU YOUR OWN PHOTOGRAPH, SIR. DO YOU RECOGNIZE THAT PHOTOGRAPH?
>
> A      YES, I DO.

Q      AND HOW DO YOU RECOGNIZE THAT PHOTOGRAPH?

A      IT'S A PICTURE IN FRONT OF ME.

Q      WELL, HAVE YOU SEEN THAT PICTURE BEFORE?

A      YES, I HAVE.

Q      WHEN DID YOU SEE IT FIRST? WHEN DID YOU FIRST SEE THAT PHOTOGRAPH?

A      THE DAY MR. BROWN - THE DAY I RECOVERED IT FROM MR. BROWN.

Q      YOU RECOVERED THE PHOTOGRAPH FROM MR. BROWN?

A      THE MERCHANDISE.

Q      WHO TOOK THE PHOTOGRAPH?

A      I DID.

**Q      ALL RIGHT. AND DOES THAT PICTURE YOU HAVE IN FRONT OF YOU ACCURATELY DEPICT ALL THE MERCHANDISE YOU RECOVERED FROM MR. BROWN?**

A      **YES.**

1RT at 65-67 [emphasis supplied].

12.    However, the photograph showed a drill with a cord. *Brown II* 4.

13.    According to Rojas, once he had secured the merchandise that he testified Mr. Brown had taken, he had the cashier run a receipt for the merchandise. *Id*.

14.    The receipt showed a cordless drill. *Id.* This was the second of two receipts; the first receipt showed only the clothing that had allegedly been taken in addition to the backpack (which belonged to the defendant). *Id.*

15.    A second receipt was subsequently prepared. *Id.*

16.     In the motion for a new trial Mr. Brown was able to show that the numbers "090249501", which appeared on the back of this Polaroid photograph meant, according to the Polaroid Corporation, which had been contacted by the defense investigator, that the photograph had been taken after September 2, 2002, i.e., that the first four digits of the sequence showed this date. *Id.*.

17.     Deputy District Attorney Katherine Phillips, who also contacted Polaroid, agreed and stipulated with Mr. Brown that the film of the photograph was not manufactured until September 2002. *Brown II* 4-5.

18.     The items depicted in the photograph were not produced by the prosecution. *Id.*

19.     In 2003, in the First Trial, defendant was convicted by a jury on Counts 1 and 2, and the trial court found true allegations of prior serious or violent felony convictions and sentenced him to a second-strike sentence of fifteen years in prison.

20.     In 2004, the Court of Appeal affirmed the judgment, and the California Supreme Court denied review; in 2005 and 2006, defendant filed two unsuccessful state habeas corpus petitions.

21.     After the first trial the clerk sent notice to the District Attorney that all exhibits would be destroyed; the prosecution did not object so the photograph and all of the exhibits were destroyed.

22.     In 2007, Mr. Brown filed a petition for a writ of habeas corpus by person in state custody under 28 U.S.C. § 2254 ("*Brown v. Prosper,* Case No. 07-CV-190-JSL-AGR") in the United States District Court for the Central District of California.

23.     In *Brown v. Prosper*, the November 20, 2007, Report and Recommendation of a United States Magistrate Judge made findings of fact and conclusions of law, and found grounds for federal habeas relief based upon the

state trial court's wrongful denial of defendant's motion for a new trial for a federal due process violation, and recommended that a conditional habeas corpus writ issue, discharging defendant of all adverse consequences of his state court conviction unless the State elected to retry him in a timely manner.

24.     Defendant's successful habeas claim regarding the denial of the new trial motion was predicated upon the People's chief witness, Rojas, fabricating evidence and giving false testimony with respect to a photograph of, and a cashier's receipt for, merchandise defendant supposedly took from Walmart.

25.     On March 6, 2008, the District Court adopted the findings of fact, conclusions of law, and recommendations of the Report and Recommendation of the United States Magistrate Judge and ordered the issuance of a conditional writ of habeas corpus, discharging defendant of all adverse consequences of his state court conviction on Counts 1 and 2 unless the State elected to retry him "on said counts" in a timely manner, *see Order Adopting Magistrate Judge's Report and Recommendation, No.* 07-CV-190-JSL-AGR [Report and Recommendation, *Brown v. Prosper*], and entered judgment the same day.

26.     Prior to the second trial, the defendant sought dismissal of Counts 1 and 2 on the grounds that the prosecution's expected knowing use of false evidence, including the false testimony of Rojas, as had been found in *Brown v. Prosper*, would violate defendant's federal due process rights, and, in August 2008, the defendant filed a request for judicial notice (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 453, subds. (a)-(b)) of the findings of fact and conclusions of law in the Federal Habeas Report and Recommendation (incorporated into the order adopting the Federal Habeas Report and Recommendation and the judgment entered thereon) regarding the prosecution's use of Rojas' fabricated evidence and Rojas' false testimony in the original trial.

27.     The trial court – the same judge who had presided over the first trial and denied the motion for a new trial – refused to take judicial notice of the findings in *Brown v. Prosper,* No. 2:07-CV-190-JSL-AGR on the stated basis that "[this] court is not bound by the magistrates or the district court's findings regarding certain factual issues that Mr. Brown wishes me to accept as conclusive." RT Second Trial, Case No. VA071021, D-10, a copy of which is attached hereto, marked Exhibit 3A-30.

28.     The court denied motions to dismiss and for judicial notice based on Rojas' fabricated evidence and false testimony and prosecutorial misconduct based thereon. Defendant objected that the prosecution was trying to suppress impeachment evidence pertaining to Rojas' photographs. Defendant was informed that the original trial exhibits, including Rojas' photographs, had been destroyed six years earlier by the court.

29.     In a "402" hearing, the trial court ordered sua sponte the parties "not to make any references to the magistrate's findings" in the federal habeas case. The court further directed that the parties were not permitted to ask any witness whether the witness had lied or committed perjury. Defendant objected that the court's orders made him feel "like I'm being handcuffed."

30.     During the trial, defendant called as a defense witness Katherine Phillips, who was the prosecutor in the original trial, but the court sustained objections by the prosecutor and did not allow defendant to examine Phillips about her prior knowledge of whether the photograph Rojas claimed to have taken on May 11, 2002, was actually taken subsequently.

31.     At trial, on August 5, 2008, the prosecution was permitted to file a Third Amended Information, which retained Counts 1 and 2 and the prior serious felony conviction allegations; dropped the prior strike and prior prison term allegations of the previous amended information; and added two alleged felony

offenses on May 11, 2002: Count 3 – second-degree commercial burglary of Walmart (Pen. Code, §459); and Count 4 – receiving stolen property (tools) (Pen. Code, § 496, subd. (a)).

32. Defendant was convicted of Count 1 and Count 3 and acquitted of Count 4. Count 2 was dismissed upon motion of the prosecution. Counts 3 and 4 were later found to have been time barred by the Court of Appeal. *Brown II* 17.

33. In *People v. Brown* (January 25, 2010, B211202) [*Brown II*], a nonpublished opinion, the Court of Appeal reversed the convictions.

The Court of Appeal found that:

"While the evidence presented in this second trial was different, it provides an even more compelling basis for finding that the evidence might have impacted the verdict. Indeed, the United States District Court found exclusion of the impeaching evidence might have affected the verdict after the first trial wherein appellant presented no evidence in his defense, except that the prosecutor's evidence was fabricated. In this second trial, appellant not only presented evidence that the prosecution's evidence was fabricated, he also provided a defense version of the facts that explained why he was found in possession of the allegedly stolen merchandise. ¶ For this reason, under *Mooney* and *Napue,* the judgment must once again be reversed." *Brown II* 17.

34. In March 2010 the defendant was returned to court to face a third trial. *Docket,* VA071021.

35. In April 2010 counsel for the defendant filed a motion to disqualify the Office of the District Attorney because of the conflict of interest that burdens that office, which has three times put a person (Ricardo Rojas) on the witness stand who has thrice testified falsely, but, which, despite the fact that the Court of Appeal explicitly found in its decision dated January 25, 2010, that Rojas testified falsely, intends to call Rojas to the witness stand a fourth time and has failed to

institute charges against Rojas for perjury, obstruction of justice, or evidence tampering; the motion was denied on or about May 13, 2010.

36.    On July 28, 2010, counsel for the defendant filed a Notice of Motion and Motion to Dismiss the Information With Prejudice for Bad Faith Conduct by Prosecutor in Violation of the Due Process Clause and the Double Jeopardy Protection.

37.    On August 6, 2010, the Los Angeles County District Attorney filed an opposition to the Motion to Dismiss.

38.    On August 6, 2010, a hearing was held on the Motion to Dismiss in the respondent Superior Court, State of California, County of Los Angeles, Southeast Judicial District, Department J; the motion was denied.

39.    On August 13, 2010, petitioner filed a petition for a writ of mandate and or prohibition in the Court of Appeal, No. B226520; the Court of Appeal denied the petition on August 25, 2010.

40.    On September 29, 2010, petitioner appeared in Department J of the Superior Court, County of Los Angeles, in Case No. VA071021; the trial court stated that the case would be continued one last time to October 13, 2010, as 0 of 30 days for trial and that no more continuances would be allowed.

41.    On September 13, 2010, petitioner filed in the California Supreme Court a petition for review of the denial of the petition for a writ of mandate and or prohibition, No. S186070. The petition for review was denied on September 29, 2010.

/ / /

/ / /

/ / /

/ / /

/ / /

## 2. Petitioner is in Jeopardy of Facing Jeopardy in a Third Trial in Violation of the Double Jeopardy Clause of the Constitution of the United States Because of the Bad Faith of the Prosecution in the Second Trial in 2008

### A. After Obtaining the Conviction of Petitioner on the Basis of False Evidence in the First Trial in 2003 the Los Angeles County District Attorney in Bad Faith Obtained a Conviction Using the Same False Evidence in a Second Trial in 2008 Despite the Issuance of a Writ of Habeas Corpus by this Court in *Brown v. Prosper,* No. 07-CV-190-JSL-AGR

The Fifth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 793-796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), protects an accused from repeated prosecution for the same offense, *see United States v. DiFrancesco,* 449 U.S. 117, 130, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), by providing that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." "Where successive prosecutions are at stake, the guarantee serves 'a constitutional policy of finality for the defendant's benefit.'" *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

The Double Jeopardy Clause prevents the government from "mak[ing] repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). The Clause addresses a further concern as well, that the government not be given the opportunity to rehearse its prosecution, "honing its trial strategies and perfecting its evidence through

successive attempts at conviction," *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct.
2211, 2218, 72 L.Ed.2d 652 (1982), because this "enhanc[es] the possibility that
even though innocent [the defendant] may be found guilty," *Green, supra,* 355
U.S., at 188, 78 S.Ct., at 223.

The Double Jeopardy Clause bars retrial where "bad-faith conduct by judge
or prosecutor," threatens the "[h]arassment of an accused by successive
prosecutions or declaration of a mistrial so as to afford the prosecution a more
favorable opportunity to convict the defendant." *United States v. Dinitz,* 424 U.S.
600, 611, 96 S. Ct. 1075, 47 L.Ed.2d 267 (1982); *see also Oregon v. Kennedy,* 456
U.S. 667, 102 S.Ct. 2091-2092, 72 L.Ed.2d 416 (1982); *United States v. Jorn,* 400
U.S. 470, 485, 91 S.Ct. 547 (1971); *People v. Batts,* 30 Cal.4th 660, 68 P.3d 357
(2003).

The Information in this case must be dismissed with prejudice because the
prosecution engaged in bad faith (acquiesced in by the trial court) in the conduct of
the Second Trial in 2008, leading to a reversal of the conviction.

**(i).    The Prosecution Knowingly and in Bad Faith Obtained a
Conviction with the Same False Evidence in the Second Trial in
2008**

In *Brown v. Prosper,* in which this Court granted the petition for a writ
habeas corpus, the District Court stated:

To establish a *Mooney-Napue* violation, a habeas petitioner must show three
elements: "(1) the testimony (or evidence) was actually false, (2) the
prosecution knew or should have known that the testimony was actually
false, and (3) that the false testimony was material." *United States v. Zuno-
Arce,* 339 F.3d 886, 889 (9th Cir. 2003), *cert. denied,* 540 U.S. 1208 (2004);
*Hayes v. Brown,* 399 F.3d 972, 984 (9th Cir. 2005) [Report and
Recommendation, *Brown v. Prosper* 15]

Thus, this Court, in granting the petition for writ of habeas corpus, found that all three elements had been established. First, this Court found that "the photograph and Rojas's testimony were false." Report and Recommendation, *Brown v. Prosper* 17. Specifically, the District Court found:

**Rojas could not have taken the photograph of the items [that he allegedly saw Mr. Brown take] on the day of the incident, May 11, 2002. (*Id.* at 240) Given that the allegedly stolen items were unavailable (*see id.* at 38), Rojas did not photograph the items he saw [Mr. Brown] take.** [Report and Recommendation, *Brown v. Prosper* 19]

Second, this Court found that the prosecution knew that the testimony was actually false. Report and Recommendation, *Brown v. Prosper* 19-20. Third, the Court found that the evidence was material. Report and Recommendation, *Brown v. Prosper* 15.

However, Deputy District Attorney Ken E. Lamb called Rojas as a witness in the Second Trial and, *when Rojas again testified falsely – to the same falsehood that led the District Court to found that Rojas had testified falsely and to issue a writ of habeas corpus – Lamb stood by and did nothing and Mr. Brown was convicted based on this false testimony.* As the Court of Appeal stated in *Brown II:*

"'Deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice.'" *Giglio v. United States,* 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (quoting *Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935)). "'The same result obtains when the State, although not soliciting false evidence allows it to go uncorrected when it appears.'" *Giglio,* 405 U.S. at 153 (quoting *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)). [*Brown II* 16, Exhibit 1]

Despite the Judgment of the District Court in *Brown v. Prosper,* 07-CV-190-JSL-AGR, Rojas again testified as follows in the Second Trial on August 5, 2008:

> THE COURT:      . . . . WHAT WAS THE DATE THAT YOU RECALL YOU TOOK THAT PHOTOGRAPH?
>
> RICARDO ROJAS:      THE SAME DAY OF THE INCIDENT.

RT 2008 Trial 80, Exhibit 3-Pt. 1-81. However, as stated by the Court of Appeal, in *Brown II,* "[w]hen Rojas again testified that he took the photograph in May 2002, the People were obligated to see to it that in some manner – by judicial notice, stipulation or the introduction of evidence – the jury was aware of the controversy surrounding the date of the photograph. That did not happen here. *As a result, the jury again heard the case without the evidence that the United States District Court ruled must be considered as a matter of due process.*" *Brown II* 16-17, Exhibit 1.

Thus, the prosecution obstructed the enforcement of the United States District Court judgment in bad faith and this conduct necessitates the dismissal of the Information with prejudice. "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument . . . .' A party also demonstrates bad faith by '. . . hampering enforcement of a court order.'" *Primus Automotive Financial Services, Inc. v. Batarse,* 115 F.3d 644, 649 (9th Cir. 1997), quoting *Hutto v. Finney,* 437 U.S. 678, 689 n.14, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

There can be no dispute that prosecutor Lamb deliberately hampered the enforcement of the judgment of this Court in *Brown v. Prosper,* No. 2:07-CV-190-JSL-AGR and, in fact, was successful in *suppressing* the enforcement of the District Court judgment in the Second Trial in August 2008, resulting in the conviction of Mr. Brown on the basis – again – of false evidence, as specifically found by the Court of Appeal in its opinion dated January 25, 2010. He did this by

repeatedly objecting to the questions posed by Mr. Brown when Mr. Brown was attempting to elicit from Rojas that *he did not actually take the photograph on May 11, 2002*. For example Mr. Brown asked "Mr. Rojas, isn't it true that you took a photograph of the items you said the defendant stole from Walmart?" and Mr. Lamb asked for a hearing outside the presence of the jury. The prosecutor then made the following objections:

> MR. LAMB:     I HAVE THREE OBJECTIONS. NUMBER ONE, IT'S NOT RELEVANT. WE DIDN'T INTRODUCE ANY PHOTOGRAPH.
>
> TWO, THE SOLE PURPOSE OF INTRODUCING THAT EVIDENCE IS TO TRY TO LINE UP SOME SORT OF IMPEACHMENT WITH EVIDENCE THAT DOESN'T EXIST.
>
> AND, THREE, THE COURT'S ORDER WAS THAT WE WERE NOT GOING TO TALK ABOUT THE DESTROYED EVIDENCE, WHICH IS WHERE THIS QUESTION WILL TOTALLY LEAD.
>
> . . . . .
>
> MR. LAMB:     BUT YOU'RE NOT ALLOWED TO ASK QUESTIONS JUST FOR THE SAKE OF IMPEACHING IF THERE'S NO RELEVANCY. THERE'S NO PHOTOGRAPH BEING INTRODUCED, SO THERE'S NO RELEVANCY, AND THE PHOTOGRAPHS WERE DESTROYED. SEE, FOR HIM TO MAKE THIS ARGUMENT, HE'S GOT TO PUT ON THE EVIDENCE THAT THESE THINGS ACTUALLY OCCURRED, AND THERE'S NOT GOING TO BE ANYBODY TESTIFYING TO ANY OF THAT. HE'S JUST ASKING HIM JUST TO IMPEACH HIM. THAT'S THE SOLE PURPOSE. I'M NOT EVEN INTRODUCING THE EVIDENCE, SO HOW IS IT RELEVANT?

THE COURT:     I UNDERSTAND THAT, MR. LAMB, BUT IT DOES GO TO HIS CREDIBILITY.

DID HE TAKE THE PICTURES? YES OR NO? WHEN WERE THEY TAKEN? AND WASN'T IT TRUE YOU TOOK THEM ON SOME OTHER DATE? AND MR. ROJAS CAN ANSWER YES, NO, OR WHATEVER –

MR. LAMB:     AND THEN I CAN SAY, "AND THOSE PICTURES WERE SUBMITTED IN THE COURT," AND I'LL ASK THE COURT TO ADVISE THE JURY THEY WERE DESTROYED.

THE COURT:     YES, I WILL, AND I'M READY TO DO THAT. ALL RIGHT.

RT Second Trial 78-79.

After this colloquy, Rojas answered the question "Mr. Rojas, isn't it true that you took a photograph of the items you said the defendant stole from Walmart?" in the affirmative. RT Second Trial 79, l. 23. Mr. Brown then asked the following question:

Q     BY MR. BROWN:     AND ISN'T IT TRUE THAT YOU TESTIFIED IN THE PRIOR PROCEEDING THAT YOU TOOK THE PHOTO ON MAY 11, 2002?

MR. LAMB:     OBJECTION, YOUR HONOR, TO THE FORM OF THE QUESTION. THE QUESTION SHOULD JUST BE A DIRECT QUESTION IN THIS TRIAL.

THE COURT:     THAT'S RIGHT. SO LET'S REFRAME YOUR QUESTION, MR. BROWN.

Q     BY MR. BROWN:     ISN'T IT TRUE, MR. ROJAS, THAT YOU TESTIFIED –

THE COURT:     NO. NO, NO.

DO YOU RECALL WHEN YOU TOOK THOSE

PHOTOGRAPHS OR THAT PHOTOGRAPH – THE DATE YOU TOOK

THAT PHOTOGRAPH? THAT'S THE QUESTION.

THE WITNESS:    OH, I THOUGHT YOU WERE ASKING –

THE COURT:      NO. I'M TALKING TO YOU.

THE WITNESS:    YES. YES, I REMEMBER.

THE COURT:      AND WHAT DATE WAS IT, DO YOU

BELIEVE, THAT YOU TOOK THOSE PHOTOGRAPHS OF THAT

ITEM OR THOSE ITEMS?

MR. BROWN:      THAT'S NOT THE WAY I PHRASED THE

QUESTION, YOUR HONOR.

THE COURT:      I KNOW YOU DIDN'T PHRASE IT THAT

WAY, BUT I AM PHRASING IT THE CORRECT WAY. YOU CAN ASK

THE NEXT QUESTION.

WHAT WAS THE DATE THAT YOU RECALL YOU TOOK

THAT PHOTOGRAPH?

THE WITNESS [ROJAS]:      THE SAME DAY OF THE

INCIDENT.

Thus, the prosecutor obstructed Mr. Brown in cross-examining Rojas, in

referring to whom the District Court stated "the prosecution's entire case depended

upon Rojas," Report and Recommendation, *Brown v. Prosper* 23, with the very

evidence that the federal court had found was false evidence.

In addition, Prosecutor Lamb knowingly raised a frivolous argument when

he argued that there was no stipulation that the photograph was manufactured after

May 2002. *See* RT 2008 Trial, VA071021, 44-55, Exhibit 3-Pt. 1-45-55, *e.g.:*

MR. LAMB:        ". . . IF KATHY PHILLIPS TOOK THE STAND

AND WAS DIRECTLY ASKED THE QUESTION, AND SHE GAVE AN

ANSWER, [] YOU COULD IMPEACH HER WITH HER STIPULATION. SO IF YOU DIRECTLY ASK HER, 'WHEN WAS THIS FILM PRODUCED,' I'M GOING TO SAY, 'OBJECTION. LACK OF FOUNDATION. HOW DOES SHE KNOW IT?'

. . . . .

MR. LAMB:        BUT I'M NOT STIPULATING. [RT 47]

(ii).   The Prosecution Prevented the Impeachment of Rojas by Obstructing the Cross Examination of Deputy District Attorney Katherine Phillips

After Rojas again testified falsely the defendant, Mr. Brown, attempted to impeach his credibility with the testimony of Deputy District Attorney Katherine Phillips, who was the prosecutor in the First Trial and who stipulated on behalf of the People of the State of California, that the photograph was manufactured in or after September 2002, but he was obstructed in doing so by the prosecutor, with the acquiescence of the trial court.

The prosecutor steadily objected to all questions posed by Mr. Brown that were designed to impeach the false testimony provided by Ricardo Rojas, thereby succeeding in preventing Mr. Brown from eliciting from Deputy District Attorney Katherine Phillips testimony that would have established that the photograph that Rojas testified was a photograph that he took on May 11, 2002, of the items he claimed he seized from Mr. Brown, was not taken on May 11, 2002, and that his testimony to the contrary was patently false:

Q      BY MR. BROWN:        RIGHT. AND WAS YOUR UNDERSTANDING OF THE PHOTOGRAPHS THAT THEY WERE TAKEN ON MAY 11, 2002?

A [KATHERINE PHILLIPS]:   NOT NECESSARILY, MR. BROWN.

1    Q    NO, MA'AM?

2    A    NO.

3    Q    WHAT WAS YOUR UNDERSTANDING OF THE

4    PHOTOGRAPHS?

5    MR. LAMB:    WELL, I OBJECT TO WHAT HER

6    UNDERSTANDING IS. IT'S NOT REALLY RELEVANT.

7    THE COURT:    SUSTAINED.    [RT Second Trial 114-115]

8    . . . . .

9    Q    BY MR. BROWN:    THE FIRST FOUR NUMBERS

10   STAMPED ON THE BACK OF THE PHOTOGRAPH CORRESPOND

11   WITH THE MONTH AND YEAR THE PHOTOGRAPHS WERE

12   MANUFACTURED?

13   MR. LAMB:    I OBJECT. LACK OF FOUNDATION FOR THIS

14   WITNESS TO TESTIFY TO THAT.

15   THE COURT:    SUSTAINED, AS WELL AS IT WOULD BE

16   HEARSAY.

17   Q    BY MR. BROWN:    MS. PHILLIPS, DID YOU KNOW

18   THAT THE FILM WAS MANUFACTURED IN SEPTEMBER OF 2002?

19   MR. LAMB:    OBJECTION, AGAIN, YOUR HONOR, AND I

20   WOULD ASK THAT COUNSEL BE ADVISED TO STOP PROCEEDING

21   WITH THIS LINE OF QUESTIONING.

22   THE COURT:    WE HAVE REALLY COVERED THIS ISSUE

23   VERY THOROUGHLY. THE OBJECTION IS SUSTAINED.

24   The prosecution had succeeded in blocking Mr. Brown, who was

25   representing himself, from eliciting from Ms. Phillips that she **stipulated** that the

26   film had been manufactured in September 2002, and the prosecution had

27   thoroughly blocked Mr. Brown from eliciting from Ms. Phillips that Mr. Rojas

28

could not have taken the photograph on May 11, 2002, a finding which this Court made, which would have shown that Rojas had again testified falsely to a second jury even after this Court found that his false testimony – **which, it found, the prosecution knew about** – constituted a violation of due process.

Thus, the prosecution, in bad faith, directly facilitated the introduction of the same false evidence into the second trial. This egregious conduct necessitates that the court find that another trial is barred by the double jeopardy clause.

## B. If Petitioner is Subjected to a Third Trial the Constitution of the United States will be Violated

This issue will not go away. Petitioner has been subjected to two trials where the prosecution used false evidence to obtain convictions. Petitioner was incarcerated for 8 years in this case. In the Second Trial, in 2008, the prosecution again used the same false evidence that this Court found *that the prosecution knew* was false.

## 3. The Bad Faith of the Prosecution is So Egregious Because There Exists an Inherent Conflict of Interest Between the District Attorney and Rojas, the Witness who Testified Falsely in the Two Prior Trials in 2003 and 2008, who is Being Protected by the District Attorney

In this case the District Attorney is holding Rojas "hostage", and, just as in 2008, is prepared to suborn perjury by Rojas by *not* charging him with perjury and evidence tampering. As long as the District Attorney *does not* charge Rojas with perjury or evidence tampering there is a crushing pressure on Rojas to testify as the District Attorney would like him to testify because he is afraid that if he does not do so he will be charged with perjury and evidence tampering. This is the same situation that was present in 2008 when the District Attorney put on the same false evidence in the form of the testimony of Rojas that this Court identified as being

false evidence in *Brown v. Prosper,* 07-CV-190-JSL-AGR. Because of a deep and undisputable conflict of interest, the District Attorney has Rojas just where it wants him.

The Court of Appeal decision, Case No. B211202, issued January 25, 2010, states:

> "When Rojas again testified that he took the photograph in May 2002, the People were obligated to see to it that in some manner – by judicial notice, stipulation or the introduction of evidence – the jury was aware of the controversy surrounding the date of the photograph. That did not happen here. *As a result, the jury again heard the case without the evidence that the United States District Court ruled must be considered as a matter of due process.*" *Brown II* 16-17, *see* **Exhibit A**, attached.

In April 2010 the petitioner filed a motion to disqualify the Office of the District Attorney. Under the first part of the two-part test, a court must determine whether a conflict exists, that is, whether "the circumstances of a case evidence a reasonable possibility that the DA's office may not exercise its discretionary function in an evenhanded manner." (*People v. Conner, supra,* 34 Cal.3d at p. 148, 193 Cal.Rptr. 148, 666 P.2d 5; accord, *People v. Eubanks, supra,* 14 Cal.4th at p. 594, 59 Cal.Rptr.2d 200, 927 P.2d 310.). In this case there is more than a reasonable possibility that the District Attorney may not exercise its discretionary function in an evenhanded manner.

**A.   Deputy District Attorneys will be Called as Witnesses**

As is reflected in the decision of the court in *Brown II*, Deputy District Attorney Katherine Phillips was called as a defense witness in the Second Trial. However, the trial court did not permit the defendant to examine Phillips about her prior knowledge of whether the photograph Rojas claimed to have taken on May 11, 2002, was actually taken subsequently.

In any future proceeding, the defendant will call Ms. Phillips as a witness and will elicit testimony from her about her knowledge of whether the photograph Rojas claimed to have taken on May 11, 2002, was actually taken subsequently. In addition, the defendant will call any other Deputy District Attorneys, including supervisory Deputy District Attorneys, who acquired any knowledge about, *inter alia,* the photograph and the lost receipt, in addition to the knowledge of any prosecutor of whether the photograph Rojas claimed to have taken on May 11, 2002, was actually taken subsequently and about Rojas's knowledge of the origin of the photograph.[2]

## B.    Failure of the District Attorney to Charge Rojas

As stated in *Brown II*, the prosecution stipulated that the Polaroid film with which the photograph was taken was not manufactured until September 2002. *Brown II* 17. Thus, at the time of the Second Trial, the District Attorney was aware that Rojas had testified falsely in the First Trial. Also, the United States District Court found that Rojas testified falsely about the photograph in the First Trial; the District Court also found that the prosecution knew that the Rojas testimony was false, at least as of the time of the motion for new trial. *See Brown II* 7.

However, Deputy District Attorney Ken E. Lamb proceeded to call Rojas in the Second Trial. In *Brown II*, the Court of Appeal found that Rojas had testified falsely in the Second Trial. *Brown II* 17. Thus Deputy District Attorney Lamb facilitated the commission of perjury by Rojas and possibly committed subornation of perjury.

However, despite the fact that Rojas committed perjury in both the First Trial and the Second Trial, *see Brown II* 17, the District Attorney has not charged Rojas with the commission of perjury. The elements of the crime of Perjury are: (1) The defendant took an oath to testify truthfully before a competent tribunal under

---

[2]     Deputy District Attorney Ken E. Lamb is deceased.

circumstances in which the oath of the State of California lawfully may be given; 2. When the defendant testified he willfully stated that the information was true even though he knew it was false; 3. The information was material; 4. The defendant knew he was making the statement under oath; 5. When the defendant made the false statement, he intended to testify falsely while under oath. *See* CALCRIM No. 2640. The elements of Evidence Tampering are: (1) The defendant willfully and intentionally changed/planted/placed/made [insert description of physical matter at issue]; (2) The defendant knew he was changing/planting/placing/making the [insert description of physical matter at issue]; and (3) When the defendant changed/planted/placed/made [insert description of physical matter at issue] he intended that his action would result in someone being charged with a crime or the [insert description of physical matter at issue] being wrongfully produced as genuine or true in a [insert type of court proceeding specified in Pen. Code § 141. CALCRIM 2630.

It is likely that the District Attorney has not charged Rojas with perjury or evidence tampering because Rojas could or would implicate the prosecutors in his perjury, exposing prosecutorial misconduct that would necessitate the dismissal of the charges against the defendant and result in the institution of disciplinary charges and other sanctions against the prosecutors. The failure of the prosecution to disclose this information is a violation of fundamental fairness and is a continuing violation of the duty of the prosecution to furnish the defendant with exculpatory evidence. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Were the defendant to call Rojas as a witness to elicit testimony from Rojas on the subject of his interaction with the prosecutors vis-à-vis his false testimony, Rojas could assert his fifth amendment right to remain silent. In this instance, because Deputy District Attorneys would be the possible target of the testimony of

Rojas, the District Attorney would not offer Rojas immunity from prosecution, and Rojas would not testify. The District Attorney could thus deprive the defendant of the opportunity to prove that the prosecution had suborned the commission of perjury by Rojas in the First Trial and the Second Trial.

Thus, Rojas and the District Attorney are involved in an unavoidable conflict of interests. Though the Court of Appeal has mandated that the jury be admonished that Rojas has testified falsely in two prior trials, the District Attorney has not charged Rojas with any crime. Not only has Rojas testified falsely in two jury trials, he has engaged in the fabrication of and evidence tampering, which is also a crime.

At the time of the Second Trial, this Court had found that Rojas had testified falsely in the First Trial *and that the prosecution knew that the Rojas testimony was false as of the time of the motion for new trial.* Yet, the prosecution used the same false Rojas testimony in the Second Trial. Rojas likely testified falsely in the Second Trial because he was afraid that he could be charged with perjury. If Rojas had testified differently in the Second Trial, this would have exposed the fact that he had testified falsely in the First Trial. Thus, Rojas is constrained to testify falsely again and he knows that the District Attorney will not charge him with committing perjury because charging Rojas with perjury would implicate the prior prosecutors who had handled this case. Thus, there is an irreconcilable conflict of interest necessitating the recusal of the District Attorney because if the District Attorney were to charge Rojas with perjury the District Attorney would be implicating Deputy District Attorneys in the perjury. It is clear that the District Attorney did not exercise discretion in an evenhanded manner in the Second Trial and it is impossible for the District Attorney to exercise discretion in an evenhanded manner now.

If such a conflict exists, a court must further determine whether the conflict

is "'"so grave as to render it unlikely that defendant will receive fair treatment during all portions of the criminal proceedings."'" *People v. Vasquez,* 39 Cal.4th 47, 56, 45 Cal.Rptr.3d 372, 137 P.3d 199 (2006) [italics omitted]. In this case it is impossible for the defendant to obtain a fair treatment in this case unless the District Attorney for the County of Los Angeles is recused. The Office of the District Attorney is implicated in the presentation of false evidence to the court on two separate occasions. This Court found that Rojas, who is the only witness to the alleged events in this case, testified falsely in the First Trial and that the prosecution knew that he had testified falsely at least by the time of the new trial motion. In the Second Trial, the District Attorney knowingly used false evidence to secure a conviction and sentence.

However, petitioner's motion to recuse the District Attorney was denied.

## 4. Abstention is Inappropriate Because Petitioner has Exhausted All State Remedies

Though abstention in a case of this is not generally warranted, petitioner has exhausted all remedies in state court, having filed a motion to dismiss in the trial court, a petition for a writ of mandate and/or prohibition in the California Court of Appeal, Case No. B226520, and a Petition for Review in the California Supreme Court, Case No. S186070.

## Declaration of Counsel in Support of Petition

I, Jeff Price, depose and say:

1.    I am over the age of 18 years and a member in good standing of the State Bar of California and licensed to practice law in all of the courts of this state, and am the attorney for the defendant in this case and make the following statements based upon my personal knowledge and could and would testify thereto under oath if called upon to do so;

2.    On September 29, 2010, the Honorable Daniel Murphy, Superior Court, County of Los Angeles, Department SEJ, stated that no more continuances would be granted and continued the case to October 13, 2010, as 0 of 30 for trial, and, on October 13, 2010, this case was set for trial as 7 of 10 days on November 15, 2010.

3.    Petitioner was released on his own recognizance ca. May 4, 2010.

4.    Attached hereto is a true and correct copy of the unpublished decision of the Court of Appeal, *People of the State of California v. Carl Brown,* No. B211202, marked **Exhibit 1**;

5.    Attached hereto is a true and correct copy of the Reporter's Transcript of the 2008 trial in *People v. Carl Brown,* No. VA071021, marked **Exhibit 3, Parts 1 and 2**.

6.    Attached hereto is a true and correct copy of the 2008 pretrial proceedings in *People v. Carl Brown,* No. VA071021, marked **Exhibit 3A**.

7.    Exhibit 2 is intentionally left blank.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed at Santa Monica, California this __19th__ day of October, 2010,

_____
        /s/
Jeff Price

## **CONCLUSION**

The court should grant the writ and order the petitioner released from all restraints. In the alternative, the court should permit petitioner to conduct discovery and hold an evidentiary hearing.

WHEREFORE, Petitioner respectfully requests that this Court:

1.     Issue a writ of habeas corpus vacating the trial date in Los Angeles Superior Court Case No. VA071021 and ordering the Information dismissed with prejudice.

2.     Permit petitioner to conduct discovery, including taking the deposition of the witness, Ricardo Rojas.

3.     Set the matter for an evidentiary hearing, either before this Court or before a Master appointed by this Court.

4.     Permit Petitioner to amend this Petition to add additional factual bases, evidence and legal authority for issuance of the writ.

5.     Grant Petitioner whatever further relief is appropriate in the interest of justice.

DATED: October  19 , 2010,              Respectfully submitted,

                                                        /s/
                                                        JEFF DOMINIC PRICE  SBC 165534
                                                        Attorney for Petitioner

1

**VERIFICATION**

2
I, Jeff Price, declare as follows:

3
I am the attorney for the Petitioner herein.  I have read the foregoing Petition

4
for a Writ of Habeas Corpus and know its contents. The facts alleged in the

5
petition are within my own knowledge and I know these facts to be true. Because

6
of my familiarity with the relevant facts pertaining to the trial court proceedings, I,

7
rather than Petitioner, verify this Petition.

8
I declare under penalty of perjury under the laws of the State of California

9
that the foregoing is true and correct and that this verification was executed on

10
October 19, 2010, at Santa Monica, California.

11
_____/s/_____

12
Jeff Price

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

I, Jeff Price, declare that I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is 1335 4th Street, Santa Monica, California 90401.

On October 20, 2010, I served the foregoing documents, described as AMENDED PETITION FOR WRIT OF HABEAS CORPUS, 28 U.S.C. § 2241 [*Brown*, v. *Superior Court of the County of Los Angeles,* No. 10-CV-7632-JSL-AGR] on counsel for the interested parties in this action:

☒ by transmitting a true copy thereof/placing a true copy thereof enclosed in a sealed envelope addressed to:

*See* Attachment

☒ by mail as follows: Pursuant to the business practice at my place of business, under which correspondence so collected and processed is deposited with the United States Postal Service that same day with postage fully prepaid at Santa Monica, California in the ordinary course of business.

☐ by Personal Service as follows: I delivered such envelope to by hand addressed to the attorneys for the following parties: See Attachment.

Executed on October _20_, 2010, at Santa Monica, California.

☒ I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____/s/_____

J. PRICE

Attachment

-----------------------------------------------------------------------------------------------

Steve Cooley, Esq.
District Attorney
210 W. Temple St.
Los Angeles, California 90012

Edmund G. Brown, Esq.
Attorney General
300 S. Spring St.
Los Angeles, California 90013