## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7632-JSL (AGR) | Date | May 4, 2011 |
|---|---|---|---|

| Title | Carl S. Brown v. Superior Court |
|---|---|

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge |
|---|---|

| Marine Pogosyan | n/a | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:**      **In chambers: ORDER TO SHOW CAUSE**

On October 20, 2010, Petitioner filed an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Petitioner sought to have his California trial date vacated. (Petition at 36.)

On January 20, 2011, Respondent filed a motion to dismiss based on abstention, failure to exhaust, and procedural default. Petitioner has not filed an opposition. According to a declaration by Petitioner's counsel filed on April 7, 2011, Petitioner's trial has already concluded, he has filed a motion for a new trial, and his sentencing and hearing on the motion for a new trial were continued to April 27, 2011. (Dkt. No. 16, ¶ 3.)

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. *American Rivers v. National Marine Fishery Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citation and quotation marks omitted). In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

Normally, a pretrial-custody petition under § 2241 becomes moot once the petitioner is convicted. *See Medina v. People of the State of Calif.*, 429 F.2d 1392, 1393 (9th Cir. 1970) (per curiam); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Reed v. Caulfield*, 734 F. Supp. 2d 23, 24 (D.D.C. 2010).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7632-JSL (AGR) | Date | May 4, 2011 |
|---|---|---|---|
| Title | Carl S. Brown v. Superior Court | | |

      Because Petitioner has already been convicted, it appears the Petition is moot. Accordingly, Petitioner is ORDERED, **on or before May 18, 2011,** to show cause why the Petition should not be dismissed as moot.

cc: Parties

Initials of Preparer    mp